UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHIGAN PROPERTY & CASUALTY
GUARANTY ASSOCIATION,

    Plaintiff,

v.                                         Case No. 2:07-cv-135

FOUCAULT-FUNKE AMERICAN          HON. GORDON J. QUIST
LEGION POST 444,

    Defendant.
_____/

## OPINION

      Defendant, Foucault-Funke American Legion Post 444, brought suit against Plaintiff, Michigan Property & Casualty Guaranty Association, in the Keweenaw Bay Indian Community Tribal Court. Post 444 seeks damages for MPCGA's failure to settle a claim on behalf of Legion Insurance Company. Plaintiff, asserting that the Tribal Court lacked jurisdiction to hear the case, filed a motion to dismiss in the Tribal Court. The Tribal Court has yet to rule on the motion. Plaintiff then filed an action asking this Court to declare that the Tribal Court lacks jurisdiction over Plaintiff and to enjoin the Tribal Court from further proceedings. The Court now has before it Defendant's motion to dismiss based on Plaintiff's failure to exhaust tribal remedies. Because Plaintiff is required to exhaust tribal remedies prior to initiating suit in this Court, the Court will grant Defendant's motion and dismiss the case.

## Facts

      The parties do not dispute the following facts. Defendant is a Michigan not for profit corporation organized under the laws of the State of Michigan. 43 of Defendant's 148 members are

duly enrolled members of the Keweenaw Bay Indian Community. Defendant purchased a policy of property insurance from Legion Insurance Company. The covered property is located within the jurisdictional boundaries of the Keweenaw Bay Indian Community. On April 4, 2001, the property was damaged by fire. Legion Insurance Company made payments in the amount of $543,719. However, Legion and Defendant disputed additional amounts due and owing under the policy.

Before that dispute was resolved, the Court of Commonwealth of the State of Pennsylvania liquidated Legion Insurance Company on July 28, 2003. As a result of the liquidation, claims against Legion are administered by Plaintiff pursuant to the Michigan Property & Casualty Guaranty Association Act, M.C.L. § 500.7901. After Plaintiff and Defendant were unable to resolve the dispute of additional amounts owing, Defendant filed suit in Tribal Court seeking actual and punitive damages for Plaintiff's bad-faith failure to settle the insurance claim. Plaintiff filed a motion to dismiss arguing that the Tribal Court lacked jurisdiction. The Tribal Court heard arguments on the matter, but has yet to issue its decision. Plaintiff then filed suit in this Court asking that the Court declare the Tribal Court to be without jurisdiction, enjoin the Tribal Court from further proceedings, and enter judgment in its favor. Defendant has filed a motion to dismiss based on Plaintiff's failure to exhaust tribal remedies.

## Analysis

In *National Farmers Union Insurance Co. v. Crow Tribe of Indians*, 471 U.S. 845, 105 S.Ct. 2447 (1985), the Supreme Court held that plaintiffs challenging tribal jurisdiction may not proceed in district court until they "have exhausted the remedies available to them in the Tribal Court system." *Id.* at 857, 105 S.Ct. at 2454. While Congress has precluded tribal courts from exercising criminal jurisdiction over non-Indians, the question is not automatically foreclosed in civil suits. *Id.* at 855, 105 S.Ct. at 2453. Instead, a tribal court's jurisdiction over non-Indians in civil suits

2

"require[s] a careful examination of tribal sovereignty, the extent to which that sovereignty has been altered, divested, or diminished, as well as a detailed study of relevant statutes, Executive Branch policy as embodied in treaties and elsewhere, and administrative or judicial decisions." *Id.* at 855-56, 105 S.Ct. at 2453-54.  Therefore, the Court held that exhaustion was preferable so as to give the tribal courts "the first opportunity to evaluate the factual and legal bases for the challenge." *Id.* at 856, 105 S.Ct. at 2454.

However, there are exceptions to the exhaustion requirement.  Exhaustion is not required where the assertion "is motivated by a desire to harass or is conducted in bad faith, or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." *Id.* at 856 n. 21, 105 S.Ct. at 2454 n. 21.  None of the exceptions apply here.  In an attempt to fit its argument into an exception, Plaintiff claims that the Tribal Court lacks both inherent and express jurisdiction.  While this may be true, Plaintiff is unable to point to any specific *express* jurisdictional prohibition.

Moreover, there is no evidence that Defendant's assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith.  First, the Keweenaw Bay Indian Community may have express jurisdiction pursuant to § 8.309 of the Tribal Code, which was approved by the Secretary of the Interior under the Indian Reorganization Act.  The Code grants jurisdiction over any non-Indian who (1) transacts business with a tribal member, (2) engages in tortious conduct resulting in damages, or (3) contracts to insure any person, property or risk located on tribal lands.  Whether this code would grant tribal jurisdiction over Plaintiff presents many factual and legal issues.  However, this Court should give the Tribal Court "the first opportunity to evaluate the factual and legal bases for the challenge." *Id.* at 856, 105 S.Ct. at 2454.  Moreover, the Tribal Court may have inherent jurisdiction over non-Indians if the "conduct threatens or has some direct effect on the

3

political integrity, the economic security, or the health or welfare of the tribe." *Montana v. United States*, 450 U.S. 544, 566, 101 S.Ct. 1245, 1258 (1981).  Again, the Tribal Court should have the first opportunity to make this evaluation.

Finally, Plaintiff is unable to show that there is a lack of an adequate opportunity to challenge the Tribal Court's jurisdiction.  When Plaintiff has exhausted its tribal remedies, Plaintiff may challenge the Tribal Court's jurisdiction in district court.  *Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 19, 107 S.Ct. 971, 978 (1987).  Since Plaintiff has failed to show that any of the exception to the tribal exhaustion requirement apply, the Court will grant Defendant's motion and dismiss the case.

An order consistent with this opinion will be filed.


Dated:  October 23, 2007                                  /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE